UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN MOREL** | **CIVIL ACTION NO.:** 2:20-cv-01449 |
| **VERSUS** | **DIVISION** |
| **CNA GROUP LIFE ASSURANCE COMPANY, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, THE SALARY CONTINUATION PLAN FOR MURPHY OIL CORPORATION, AND EMPLOYEE BENEFITS COMMITTEE MURPHY OIL CORPORATION** | |

## COMPLAINT

### I. PARTIES

1. Plaintiff, **Warren Morel**, is a person of the full age of majority, and a resident of St. Tammany Parish.

2. Defendant, **CNA Group Life Assurance Company ("CNA"),** is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

3. Defendant, **Hartford Life and Accident Insurance Company (Hartford"),** is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

4. Defendant,**The Salary Continuation Plan for Murphy Oil Corporation("the Plan")** is an employee benefit plan administered by the **Employee Benefits Committee Murphy Oil Corporation ("the Committee")**in the state of Arizona for participating employees of Murphy Oil Corporation in the state of Louisiana and elsewhere.

5. Defendant, **the Committee**, is a juridical person located in Arizona, and is the Plan Administrator of the Plan.

## II.     JURISDICTION & VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

## III.     FACTS & ALLEGATIONS

8. Defendant, Hartford, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with Murphy Oil Corporation, the Plan and CNA and to provide certain claims services relevant here.

9. Defendant, CNA, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with Murphy Oil Corporation, the Plan and the Committee to insure the Plan and provide certain claims services relevant here.

10. Defendant, CNA, insured the Plan and Plaintiff as beneficiary for all benefits at issue here through an insurance policy ("the Policy").

11. Plaintiff was a Shift Foreman and employee of Murphy Oil Corporation, was at all relevant times a participant of the Plan, and at all times qualified as a beneficiary under the Plan for benefits under the Plan and the Policy.

12. Among other benefits, the Plan and the Policy provided Plaintiff with long term disability and waiver of premium insurance benefits.

13. Beginning May 5, 2005, Plaintiff became, remains, and will continue permanently to be, disabled from his own former occupation, or any occupation, as defined by the Plan and the Policy as a result of terrible hip and back conditions, required medical treatment and medications.

14. Despite receiving overwhelming proof that Plaintiff qualified for benefits underthe Plan and the Policy terms, Defendants, Hartford, CNA, the Committee and the Plan arbitrarily and capriciouslyrefused to pay benefits that Plaintiff is entitled to receive under the terms of the Plan and the Policy beyond September 10, 2019, claiming that on that on September 11, 2019 Plaintiff suddenly went from being disabled to no longer being disabled from working in certain occupations, disqualifying him from benefits beyond that date.

15. The Committee, the Plan and CNA improperly delegated or permitted benefit determination duties and tasks to or by persons or entities, namely Hartford, without proper formal authorization by the Plan,the Plan Administrator or the Policy.

16. Plaintiff has exhausted all required administrative remedies prior to filing suit.

17. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan and the Policy.

18. Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan and the Policy from Defendants, Hartford, CNA, the Committee and the Plan.

19. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendants, Hartford, CNA, the Committee and the Plan.

20. The standard of review of Plaintiff's claims herein is *de novo*, by virtue ofno grant of discretionary authority being properly vested in the ultimate claim decision maker.

**WHEREFORE**, Plaintiff **WARREN MOREL**, prays for judgment againstDefendants,**CNA GROUP LIFE ASSURANCE COMPANY,HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, THE SALARY CONTINUATION PLAN FOR MURPHY OIL CORPORATION, ANDEMPLOYEE BENEFITS COMMITTEE MURPHY OIL CORPORATION,** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;
2. For all reasonable attorney's fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara

---

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant